**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

NATHANIEL ARCHIE                                                                                   PETITIONER
Reg# 34595-044

V.                                              2:10-cv-00090-SWW-JJV

T. C. OUTLAW,                                                                                      RESPONDENT
Warden, FCI - Forrest City

**ORDER**

Mr. Archie filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for Leave to Proceed *In Forma Pauperis* on June 28, 2010.  (Doc. Nos. 1, 2).  A review of the Certificate accompanying his *In Forma Pauperis* motion indicates that Mr. Archie had an average balance of $989.88 in his prison account during the past six months. (Doc. No. 1).  The Court sent an Order on July 1, 2010, to Mr. Archie, instructing him to either pay the $5.00 filing fee or show cause why he cannot afford to pay the filing fee given the amount of money in his prison account.  (Doc. No. 3).  On July 13, 2010, the Court's Order was returned in the mail as undeliverable.  (Doc. No. 5).  The Bureau of Prisons (BOP) website indicates that Mr. Archie has been moved to the United States Penitentiary in Atlanta, Georgia.[1]

Because Mr. Archie has been transferred and is no longer in the Eastern District of Arkansas, this Court finds that his Petition for Writ of Habeas Corpus is dismissed without prejudice so that

---

[1]http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=nathaniel&Middle=&LastName=archie&Race=U&Sex=U&Age=&x=0&y=0

he can file it in the appropriate district.[2] While the Court may retain jurisdiction because Mr. Archie served the proper custodian when he initially filed this habeas action, the Court finds it would be more convenient for Mr. Archie and the BOP to litigate this matter where he is currently incarcerated.

Section 2241 requires "nothing more than that the court issuing the writ have jurisdiction over [Petitioner's] custodian." *Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004). Therefore, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id*. at 442 (quoting 28 U.S.C. § 2241(a)). "[A] district court acts within [its] respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Rasul v. Bush*, 542 U.S. 466, 478-79 (2004) (citations omitted); *See also* 28 U.S.C.§ 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). "The custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfield*, 542 U.S. at 445.

Where a prisoner challenges present physical confinement, his custodian and the proper respondent is "the person with the ability to produce the prisoner's body before the habeas court," i.e., the warden of the facility where he is being held. *Id*. at 434. Where the challenge is "a form of custody other than present physical confinement, [the proper respondent] is the entity or person who exercises legal control with respect to the challenged custody." *Id*. at 438.

In this case, Petitioner is currently incarcerated at the United States Penitentiary in Atlanta,

---

[2]"Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district." *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981). Nevertheless, even if the original custodian is properly served, "it is still proper to consider the most convenient forum for the litigation." *Id*. at 693.

Georgia. His challenged custody is based on his present physical confinement and the failure of the BOP to place him in a Residential Re-entry Center (RRC) and, therefore, the proper respondent is now the Warden at the United States Penitentiary in Atlanta, Georgia, not the Warden in Forrest City. Accordingly, the Court finds that the interests of justice would best be served by dismissing this case without prejudice so that Mr. Archie may file his petition in the United States District Court for the Northern District of Georgia, the district where Petitioner is in custody.

IT IS THEREFORE ORDERED that:

1. Mr. Archie's § 2241 Petition (Doc. No. 2) should be DISMISSED without prejudice so that he may file it in the appropriate district.

IT IS SO ORDERED this 3rd day of August 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE